**F. K. MOTOR SALES, INC., Plaintiff,**

v.

**GENERAL MOTORS CORPORATION (CHEVROLET MOTOR DIVISION), Defendant.**

**No. 68–C–16.**

United States District Court
E. D. New York.

Feb. 19, 1968.

John J. Tennenbaum, Lawrence, N. Y., for plaintiff; Edmund H. H. Caddy, Irving Mariash, New York City, Nathaniel M. Swergold, Lawrence, N. Y., of counsel.

Edward B. Wallace, New York City, for defendant; John J. Higgins, Philip H. Omsberg, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff moves for summary judgment on its amended complaint, seeking to enjoin the defendant from terminating its dealership with the plaintiff and to reform the contract so as to substitute Louise Kowalski and/or Louis Philippe in place of Edward F. Kowalski, deceased, as parties to the contract.

The defendant cross moved for judgment on the pleadings, urging that no claim is alleged upon which relief can be granted.

A dealership agreement was entered into by and between the parties on November 1, 1965, terminating October 30, 1970. In part, it provides, as follows:

"Chevrolet [the defendant]has elected to enter into this Selling Agreement with Dealer in reliance upon the ability of Dealer to meet and perform the operating requirements hereof and in reliance upon the personal qualifications and business ability of the person or persons who are named in Paragraph THIRD hereof."

It further provides, in substance, that it is a personal service contract and that the defendant relies upon the personal qualifications of the dealer. It names Edward F. Kowalski as the sole person participating in the ownership and operation of the dealership and that the named person shall be responsible to the defendant for any act or omission of the dealer's agents or employees.

Edward F. Kowalski died on October 12, 1966. Section 14 B(3) of the agreement provides for its termination, viz:

"In the event of the death or incapacity (for reasons of health) of any person named in Paragraph THIRD hereof, Chevrolet may terminate this Agreement."

That section also provides for time allowable for the orderly liquidation of the dealership.

The agreement also provides for "Survivor's Rights" of the persons, named in paragraph "THIRD." Section 15 C, entitled "Interim Agreement Addendum" provides, in substance, that the dealer may nominate a qualified person not named in paragraph "THIRD" in the event Chevrolet terminates the agreement, under subsection B(3) of Section 14.

The plaintiff contends that subsequent to the death of Edward F. Kowalski and pursuant to the provisions of the said Interim Agreement Addendum it nominated Louise Kowalski and/or Louis Philippe to continue the dealership. The defendant asserts that the right to nomi-

nate a successor to Edward F. Kowalski terminated at his death.

The Court concludes that the said Section 15 C is not ambiguous and that the position of the plaintiff is untenable.

On November 1, 1966, Louise Kowalski wrote a letter to the defendant, requesting a ninety days' extension, thus granting her time to settle the estate of Edward F. Kowalski. The defendant by its letter, dated November 10, 1966, acquiesced, thus deferring the effective date of terminating the dealership. Several more extensions of time were requested. The last extension terminated on December 31, 1967. In a letter of Louise Kowalski to the defendant, dated January 17, 1967 she indicated that she intended to sell the business to plaintiff's general manager. No further extension of time was granted to the plaintiff by the defendant.

Section 15 C of the agreement clearly provides that the Interim Agreement Addendum forms shall be executed prior to the death of a nominee in the event the defendant terminates the dealership pursuant to subsection B(3) of Section 14. The last paragraph of Section 15 C is significant. It reads as follows:

"Any request for the execution of an Interim Agreement Addendum to this Agreement shall be made by Dealer in writing to Chevrolet and shall indicate that all persons named in Paragraph THIRD hereof have approved such request. Such request shall name the person or persons to be designated as a nominee or nominees therein and shall outline their qualifications to operate a Chevrolet dealership."

Obviously the nominee in paragraph "THIRD" could not approve another nominee subsequent to his demise.

Inasmuch as the agreement is not ambiguous, equitable principles, urged by the plaintiff, are inapplicable.

The plaintiff's motion is denied and the defendant's cross motion is granted.

Submit proposed findings of fact, conclusions of law and decree on ten (10) days' notice.